IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN D. GEE,<br><br>          Petitioner,<br><br>vs.<br><br>DOUGLAS CTY, PROSECUTOR,<br><br>          Respondent. | **8:22CV35**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before me on initial review of Petitioner Brian D. Gee's ("Gee") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons discussed below, I will dismiss Gee's petition without prejudice.

      At the time he filed his petition on January 31, 2022, Gee was a state pretrial detainee confined in the Douglas County Department of Corrections in Omaha, Nebraska. According to Gee's state court records, available to this court online, Gee entered a plea of no contest to third degree domestic assault and first degree trespass on February 17, 2022 and was sentenced to a one-year term of probation. I take judicial notice of the state court records related to this case in *State v. Gee*, No. CR21-3450, District Court of Douglas County, Nebraska.[2] *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

[2] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

As his sole ground for relief, Gee alleges "malice by victim" based on "lack of prosecution." (Filing 1 at CM/ECF p. 6 (punctuation omitted).) In his request for relief, Gee asks for "punitive or trimble [sic] damages." (*Id*. at CM/ECF p. 7 (punctuation omitted).)

First, Gee cannot seek an award of damages in this federal habeas action as claims for damages related to a prisoner's conditions of confinement must be sought in an action pursuant to 42 U.S.C. § 1983. As the United States Supreme Court has explained:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

More importantly, because Gee has now been convicted, his challenge to his pretrial detention is moot. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Williams v. Slater*, 317 Fed.Appx. 723, 724–25 (10th Cir. 2008); *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973); *Medina v. California*, 429 F.2d 1392, 1393 (9th Cir. 1970). I, therefore, am dismissing Gee's § 2241 petition without prejudice for lack of jurisdiction, and I make no findings regarding the merits of Gee's claims. Thus, the dismissal of this case will not preclude Gee from reasserting his claims in a

habeas petition filed pursuant to 28 U.S.C. § 2254[3] after proper exhaustion of his claims in state court. *See* 28 U.S.C. § 2254(b)(1).

Because "the detention complained of arises from process issued by a state court," Gee must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Gee is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 8th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[3] Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).